IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JESUS IGLESIAS-VIERA,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 10-1212 (ADC)

## ORDER

On March 12, 2010, Jesús Iglesias-Viera ("petitioner") filed a motion to vacate, set aside or correct the sentence imposed on him[1] under 28 U.S.C. §2255 (" §2255 motion"). **ECF No. 1**. Therein, petitioner requests that the court recalculate his base offense level using the one-to-one ratio regarding cocaine base to cocaine, find that his counsel during his criminal case was ineffective, and strike his conviction under 18 U.S.C. §924(c)(2) after allowing petitioner to withdraw his guilty plea as to this count. *Id.* Subsequently, the United States ("respondent") opposed petitioner's motion (**ECF No. 5**) and petitioner filed a reply brief (**ECF No. 10**). The court referred the case to Magistrate-Judge Marcos López ("the Magistrate-Judge") for entry of a Report and Recommendation ("R&R"). **ECF No. 13**.

On October 12, 2011, the Magistrate-Judge filed his R&R, recommending that the court deny petitioner's §2255 motion. **ECF No. 16**. Therein, the Magistrate-Judge first found that petitioner's request that the court recalculate his base offense level using a one-to-one conversion ration should be denied as the substance for which he was sentenced was cocaine, rather than cocaine base. *Id.* The Magistrate-Judge then noted that, even if the dubious proposition that petitioner never received the indictment at his initial appearance was indeed correct, the error was harmless and eventually cured as petitioner verified that he was aware of the charges contained therein during his Rule 11 hearing. *Id.* Further, the Magistrate-Judge found that petitioner's guilty plea was knowingly, voluntarily and intelligently made, as

---

[1] The criminal case number in which petitioner was sentenced is 07-488.

evidenced by his answers to the court's questions during the change of plea hearing. *Id.* The Magistrate-Judge also found that the sentence imposed, which petitioner now contests, was identical to that contained within the plea agreement and that petitioner thus waived his right to appeal it. *Id.* Further, the Magistrate-Judge found petitioner's claim that he was prejudiced by his lack of fluency in English to be unavailing as petitioner was provided with the services of a court interpreter and as defense counsel translated key documents to petitioner. *Id.* Finally, the Magistrate-Judge found that petitioner's claim of insufficient evidence to prove his guilt was inapposite as petitioner waived his right to contest the sufficiency of evidence against him when he elected to plea guilty. *Id.*

Objections to the Magistrate-Judge's R&R were due on October 31, 2011 (**ECF No. 16**); however petitioner never filed any objections. After reviewing the R&R, the court adopts the same in full and **DENIES** petitioner's §2255 motion (**ECF No. 1**).

I.     **Standard of Review**

A district court may refer pending motions to a magistrate-judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); D.P.R. Civ. R.. 72(a). Any party adversely affected by the recommendation issued may file written objections within ten (10) days of being served with the report and recommendation. *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)).

"Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *López- Mulero v. Vélez-Colón,* 490 F. Supp. 2d 214, 217 -218 (D.P.R. 2007) *(*citing *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied,* 474 U.S. 1021 (1985)). Moreover, in conducting its review of an unopposed R & R, the court "needs only [to] satisfy itself by ascertaining that there is no ' plain error' on the face of the record." *López-Mulero,* 490 F. Supp. 2d at 218.

## II.   Conclusion

After careful consideration of the unopposed R & R, having reviewed the Rule 11 colloquy transcript, the court hereby **ADOPTS** the Report and Recommendation in full. **ECF No. 16**. The court particularly notes that petitioner knowingly, willingly and voluntarily entered into a plea agreement accompanied by the appropriate Rule 11 colloquy and that his own representations to the court belie his current claims of duress, lack of knowledge and general unfairness. The record further reflects that defendant received a sixty month sentence, which is precisely the imprisonment term which he stipulated to within the plea agreement. Furthermore, at the Rule 11 hearing, defendant stipulated to waive his right to appeal the sentence imposed, if sentenced in accordance with such agreement. Such a stipulation, when validly and voluntarily entered, as in this case, is enforceable. *See United States v. Nguyen*, 618 F.3d 72, 75-76 (1st Cir. 2010) (only where a reviewing court finds that a miscarriage of justice occurred will the court overturn a voluntary and knowing waiver of right to appeal); *see also United States v. Teeter*, 257 F.3d 14, 21-24 (1st Cir. 2001) (as long as waiver is voluntary and knowing, a defendant may waive his right of appeal). Accordingly, petitioner's §2255 motion (**ECF No. 1**) is **DENIED.**

**IT IS SO ORDERED**.

At San Juan, Puerto Rico, on this 20th day of January, 2012.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**